UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL BONNER,

    Plaintiff,

v.

BOSAL INDUSTRIES – GEORGIA, INC.,

    Defendant.
                                 /

Case No. 2:16-cv-11629

HONORABLE STEPHEN J. MURPHY, III

## **OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION [34]**

Plaintiff Cheryl Bonner sued her former employer for alleged gender discrimination and retaliation in violation of Title VII and Michigan's Elliott-Larsen Civil Rights Act. The main thrust of her case is simple: (1) she was paid $2,000 less per year than males with the same title, and (2) she was fired ostensibly for disciplinary reasons after filing an EEOC complaint but the record contains an email from HR referencing both the EEOC complaint and the efforts to build a strong case for disciplinary action. After careful consideration—with the parties help through both briefing and oral argument—the Court determined that it would be improper to take the case away from the jury and denied Defendant's motion for summary judgment. Defendant now moves for reconsideration of that determination. For the reasons set forth below, the Court will deny Defendant's motion.

**STANDARD OF REVIEW**

Local Rule 7.1(h)(3) governs the question of whether reconsideration is

1

appropriate. The Rule provides two operative principles: (1) the Court will not grant motions for reconsideration that merely present the same issues ruled upon in the original order either expressly or by reasonable implication, and (2) the movant must demonstrate a palpable defect that misled the Court and that correcting the defect would result in a different disposition. A palpable defect is an error which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). A motion for reconsideration, however, is not the appropriate vehicle to re-hash old arguments or to advance arguments that could have been raised earlier. *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

**DISCUSSION**

Plaintiff sued Defendant for gender discrimination and retaliation. The basis for the discrimination claim is that two male employees with the same title as Plaintiff (Bernard Harris and Mustafa Saif) were paid $2,000 more in annual salary, and the basis for the retaliation claim is that Plaintiff was fired after filing an EEOC complaint. The Court denied Defendant's motion for summary judgment because it found that Plaintiff's claims survived the burden-shifting test outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981). Defendant now challenges the Court's analysis of: (1) the importance of prior compensation to the discrimination claim, (2) the relative supervisory experience of Harris and Saif compared to Plaintiff, (3) the relative technical proficiencies of Harris

2

and Saif compared to Plaintiff, and (4) an email from an HR representative discussing Plaintiff's EEOC complaint. The Court will address each argument in turn.

I. <u>The Importance of Prior Compensation</u>

Defendant first argues that the Court erred by finding that Plaintiff made a prima facie showing that she was treated less favorably than similarly situated male employees because she made $2,000 less per year while performing the same job. ECF 34, PgID 699–701. Specifically, Defendant argues that Plaintiff could not make a prima facie showing of discrimination because Defendant was justified in paying a female employee less in her salaried position after also paying her less in a previous hourly position. *Id.* The Court found the argument unpersuasive, but Defendant now argues that the Court's finding conflicts with Sixth Circuit precedent.

Defendant's argument raises an issue that has already been ruled on. Hidden in a footnote, Defendant admits that "it is not, in offering additional authorities, raising any new facts or arguments." *Id.* at 700 n.3. Defendant does not address why its failure to raise new facts or argument complies with Rule 7.1(h)(3)'s clear statement that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon" previously. The Court agrees with Defendant's characterization of its argument, and finds that reconsideration is improper.

Moreover, Defendant's argument does not show a palpable defect for two reasons. First, Defendant primarily relies on unpublished opinions to argue that the Court failed to comply with Sixth Circuit precedent. ECF 34. 699–700. While unpublished opinions are instructive, they are "of course, not binding precedent." *Crump*

*v. Lafler*, 657 F.3d 393, 405 (6th Cir. 2011).

Second, Defendant asserts that the Court held that Defendant was prohibited from considering past pay. That characterization might be accurate if the Court had entered judgment for the Plaintiff, but the Court merely denied Defendant's motion in part because the argument about past pay was unpersuasive. The ruling does not imply that Defendant could not consider past pay. It simply means that the disparity in past pay, when considered with all the other facts on the record, was insufficient to prevent Plaintiff from making a prima facie showing—especially given the low bar in the first step of the *McDonnell Douglas* analysis. The Court's holding, properly understood, neither ignores Defendant's single cite to a published Sixth Circuit opinion nor reflects a palpable defect.

II.  The Relative Supervisory Experience

Defendant next argues that the Court did not consider that Harris and Saif had worked in leadership positions while working for Defendant. ECF 31, PgID 701–02. Defendant's brief fails to specify which step in the Court's multifaceted analysis it is challenging, so the Court presumes Defendant is challenging either the Court's holding that (1) Plaintiff made a prima facie showing that she was treated less favorably than similarly situated male employees, or (2) Plaintiff satisfied step three of the *McDonnell Douglas* burden-shifting test by drawing into question Defendant's justification.

But Defendant's challenge fails to raise a new issue. To describe its argument for reconsideration, Defendant cites its original motion for summary judgment and its reply in support. ECF 34, PgID 701. Both briefs were before the Court prior to the denial of

4

Defendant's original motion, and were thus considered and ruled upon. Consequently, reconsideration is improper under Local Rule 7.1(h)(3).

Defendant attempts to avoid the plain language of Local Rule 7.1(h)(3) by arguing that the Court failed to address Defendant's argument previously—citing another unpublished opinion. ECF 34, PgID 701. Again, unpublished opinions are "of course, not binding precedent." *Crump*, 657 F.3d at 405. Additionally, the Court considered Defendant's arguments about the male counterparts' past experience. *See* ECF 31, PgID 686–87 ("Defendant argues that the higher-paid male counterparts, Saif and Harris, were not similarly situated to Plaintiff because Saif had experience as a welder and Harris had experience as a boxline technician.") ("Defendant's argument about Saif's and Harris's technical skills may raise a genuine issue of fact . . . . Plaintiff presumably had skills from her previous position that would also be valuable in supervising and training employees holding that position."). The opinion may not have expressly stated that Harris and Saif were previously "team leads," but it considered their experience. The Court therefore already ruled on the issue Defendant raises again.

Defendant additionally does not show a palpable defect. Defendant argues that the Court "fail[ed] to recognize that [Defendant] was permitted to consider Harris and Saif's prior experience as Team Leads." ECF 34, PgID 702. The holding does not preclude Defendant from considering past experience. Rather, the Court found the past experience, when considered with all the other facts, was not strong enough to entitle Defendant to judgment as a matter of law. Specifically, the Court found in step one of the *McDonnell Douglas* analysis that the past experience of the male counterparts did

5

not prevent Plaintiff from making a prima facie showing that she was treated less favorably and, in step three of the analysis, that a reasonable jury, after considering all the facts, could find that the justification was pretext. The Court's holding therefore does not reflect a palpable defect.

III.     The Relative Technical Proficiencies

Defendant next argues that the Court improperly rejected the argument that Harris and Saif possessed superior technical skills. In a recurring theme of its brief, Defendant neither raises a new issue nor shows a palpable defect. The Court expressly discussed Defendant's argument about Harris's and Saif's technical skills—and expressly rejected it. ECF 31, PgID 686–87. Defendant's motion therefore does not satisfy Local Rule 7.1(h)(3).

Additionally, Defendant does not show a palpable defect. First, Defendant again cites the same unpublished opinion for support. ECF 34, PgID 703. Unpublished opinions are "of course, not binding precedent." *Crump*, 657 F.3d at 405.

Second, Defendant's brief cites as support the following quote: "[i]n determining whether a comparator is appropriate for the purposes of an [Equal Pay Act] claim, our focus is on the actual job requirements and duties, rather than job classifications or titles." ECF 34, PgID 703 (quoting *Perkins v. Rock-Tenn Servs., Inc.*, 2017 WL 2829100 (6th Cir. June 30, 2017)). As an initial matter, the proffered quote refers to the wrong statute—Plaintiff alleges a violation of Title VII, not the Equal Pay Act. The claims are admittedly similar, but the cited analysis scrutinizes whether an employer is using specious job titles to "justify" less pay for the same work. The factual scenario here is markedly different—Plaintiff had the exact same title as her male counterparts yet was

paid $2,000 less per year. Defendant's legal support is too tangential to demonstrate a palpable defect.

IV.     The HR Email

Finally, Defendant argues that "the Court was misled [by] Plaintiff's mischaracterization of HR Generalist Amy Davis'[s] September 2, 2015 e-mail." ECF 34, PgID 704. The Court, however, did not rely on Plaintiff's characterization—the opinion thoroughly analyzes the email thread directly and even quotes it at length. ECF 31, PgID 688–89. Davis's post-hoc explanation does not show a palpable defect.

V.      Conclusion

Defendant's Motion for Reconsideration suffers from numerous and repeated flaws and seems to mistake judicial analysis of a motion for summary judgment as well as the posture of the present case. When a party moves for summary judgment, it takes the position that (1) there are no genuine issues of material fact, and (2) given the undisputed facts, the moving party is entitled to judgment as a matter of law. When determining whether the moving party has satisfied the standard, the Court makes all reasonable inferences in favor of the non-moving party.

If the Court grants a motion for summary judgment, the decision implies that the moving party has such a strong case that it would be pointless, from a legal perspective, to proceed to trial. A denial, on the other hand, does not imply that the Court has found the moving party liable—if that were true then the Court would enter judgment for the non-moving party (assuming a cross-motion had been filed). A denial instead implies that there is a sufficiently disputed point of fact or law (or both) such that it would be

improper for the Court to take the case away from the jury.

Here, the Court has not found that Defendant discriminated or retaliated against Plaintiff. The Court has not held that Defendant was prohibited from considering the past hourly salary of Harris and Saif, or their leadership experience and technical training. And the Court has not held that the HR email is dispositive. Rather, the Court merely found that a reasonable jury—after weighing all the evidence and making credibility determinations—could find that Defendant discriminated and retaliated against Plaintiff. And for that reason, the Court determined it would be improper to take the case away from the jury.

The parties must now assess the risks of proceeding to trial in preparation for good-faith settlement negotiations led by Magistrate Judge Patti. In case the parties cannot reach a settlement, the Court will set the remaining schedule for litigation. The schedule is final, and the Court will not grant any extensions barring extraordinary circumstances.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion for Reconsideration [34] is **DENIED**.

**IT IS FURTHER ORDERED** that the final pretrial conference is rescheduled for January 9, 2018 at 10:00 A.M. and trial is rescheduled to start on January 23, 2018 at 9:00 A.M.

**SO ORDERED**.

Dated: November 2, 2017

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 2, 2017, by electronic and/or ordinary mail.

                               s/David P. Parker
                               Case Manager